**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2012

Lyle W. Cayce
Clerk

No. 11-10213
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FIDENCIO ESPINOZA-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-177-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fidencio Espinoza-Castillo (Espinoza) pleaded guilty to one count of illegal reentry following previous deportation. The district court imposed a sentence of 48 months of imprisonment and three years of supervised release. Espinoza argues that his sentence is unreasonable because the district court imposed an above-guidelines sentence based on its personal opinion that such a sentence was warranted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10213

The 48-month sentence challenged by Espinoza was the result of an upward variance from the Guidelines. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). The Government contends that Espinoza did not preserve the specific argument he now raises on appeal and that plain error review thus applies. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). We need not decide the appropriate standard of review because, as explained below, the sentence is reasonable under either plain error review or the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record indicates that the district court properly considered the § 3553(a) factors. The 48-month sentence reflected the seriousness of Espinoza's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED. *See Gall v. United States*, 552 U.S. 38, 51 (2007).